UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK IV TRANSPORTATION & LOGISTICS, INC.,** | Civ. No. 2:13-02614 (WJM) |
| Plaintiff, | OPINION |
| v. | |
| **NATIONAL INDEPENDENT CONTRACTOR ASSOCIATION, INC.,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

       Plaintiff Mark IV Transportation & Logistics, Inc. ("Mark IV") brings this action against National Independent Contractor Association, Inc. ("NICA") and John Doe(s) 1-10 (together with NICA, "Defendants"), alleging breach of contract and seeking indemnification for certain tax liabilities.  This matter comes before the Court on Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

**I.    BACKGROUND**

      Mark IV is a transportation and logistics company based in New Jersey.  (Compl. ¶ 1, ECF No. 1.)  NICA, a company incorporated and headquartered in Massachusetts, provides employee benefits to independent contractors who provide services to other companies.  (Compl. ¶¶ 2.)  Mark IV entered into written agreement with NICA, under which NICA agreed to provide its program benefits to independent contractors who acted as drivers for Mark IV (the "Agreement").  (Decl. of Edward C. Cooley Ex. A, at 2, ECF No. 3-2.)

      Mark IV alleges that under the Agreement, NICA was obligated to make tax payments for the drivers and to indemnify Mark IV for any tax assessments arising out of NICA's non-compliance with any tax laws.  (Compl. ¶¶ 18, 28, 29.)  NICA did not pay any New Jersey state taxes, including New Jersey State Unemployment Insurance payments, for the drivers.  (Compl. ¶ 12.)  The New Jersey Department of Labor is now

seeking $692,887.00 in unpaid taxes from Mark IV. (Compl. ¶ 15.) Mark IV filed the instant action seeking to recover that sum and related damages from NICA. (Compl. ¶¶ 30, 31.) NICA argues that it was not obligated to pay any taxes under the Agreement.

NICA moves to dismiss for improper venue. The Agreement contains a forum selection clause that requires the parties to litigate claims under the Agreement in Massachusetts state court.[1] (Decl. of Edward C. Cooley Ex. A, at 9.) Specifically, the Agreement provides:

> 20. CHOICE OF FORUM. It is understood and agreed by the parties hereto that the validity of this Agreement and the parties' performance or their respective obligations thereunder shall be governed by the applicable law of the Commonwealth of Massachusetts. Should it become necessary for the parties hereto to litigate their rights, obligations and duties thereunder, the parties agree to litigate in the state courts of Massachusetts.

(*Id.*) Mark IV argues that the Court should refuse to enforce the forum selection clause because it was the product of undue influence and overreaching, violates New Jersey public policy, and would result in an unreasonable and inconvenient forum.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A court must dismiss under Rule 12(b)(6) "[i]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## III.   DISCUSSION

This case illustrates the existing confusion regarding the method for enforcing a forum selection clause that specifies a state court where venue is proper in the current

---

[1] If, on a motion to dismiss pursuant to Rule 12(b)(6), the Court considers matters outside the pleading, then the motion must be treated as one for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(b)(6); *see also Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 475 n.21 (D.N.J. 1998) ("unless a Court converts a Rule 12(b)(6) motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 56, the court cannot consider material outside the pleadings (i.e. facts presented in briefs, affidavits or exhibits"). However, an exception to this general rule of conversion exists where the materials considered at the dismissal stage are either public records deemed to be indisputably authentic or materials directly relied upon in the plaintiff's complaint. *Greer v. Smith*, 59 Fed. App'x 491, 492 n.1 (3d Cir. 2003) (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Therefore, the Court will consider materials directly relied on in Mark VI's Complaint, pleadings and other public records that the Court deems to be indisputably authentic.

forum. NICA moves to dismiss under either Rule 12(b)(3) or Rule 12(b)(6). Mark IV argues that the correct way to evaluate a potential transfer to Massachusetts state court is through 28 U.S.C. § 1404(a).

In a recent case, the Supreme Court discussed how to enforce a forum selection clause in the circumstances at hand. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 12-929, 2013 WL 6231157 (U.S. Dec. 3, 2013). *Atlantic Marine* confirmed that where venue is proper in the current forum, Rule 12(b)(3) is not a suitable mechanism for enforcing a forum selection clause specifying a state court. 2013 WL 6231157, at *6. Here, it is undisputed that absent the forum selection clause, venue would lie in this Court. Therefore, dismissal under Rule 12(b)(3) would be improper and the Court will evaluate this case under Rule 12(b)(6). The Court will also briefly discuss *Atlantic Marine's* impact on Mark IV's argument regarding Section 1404(a).

### A. The forum selection clause is valid and dismissal is warranted under Rule 12(b)(6).

Federal law governs the enforceability of a forum selection clause in a diversity case. *Cadapult Graphic Systems, Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 563 (D.N.J. 2000). A forum selection clause is presumptively valid unless "the resisting party makes a 'strong showing' that the clause is 'unreasonable.'" *Cadapult Graphic Systems*, 98 F. Supp. 2d at 564-65 (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). A forum selection clause is "unreasonable" if the party opposing it establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983); *see also Breman*, 407 U.S. at 15. Here, Plaintiff has not made a "strong showing" regarding any of these elements.

### 1. The forum selection clause was not the product of fraud or overreaching.

Mark IV argues that the clause should not be enforced because it was not represented by counsel when negotiating the agreement, NICA used its own standard form contract, and NICA refused to negotiate any of the terms. Mark IV thus claims that it had no choice but to assume the contract as presented by NICA. The Court is unconvinced.

A forum selection clause can be invalidated where the contesting party shows the clause was a product of coercion, undue influence, or overweening bargaining power. *See Breman*, 407 U.S. at 13-14. The typical case in which a forum selection clause is invalidated on these grounds involves consumers who enter into form contracts with corporations or other large businesses. *Gen. Eng'g Corp. v. Marietta*, 783 F.2d 352, 359 (3d Cir. 1986). Courts are less willing to invalidate such clauses where the dispute is between two sophisticated parties, even if they are not on an entirely equal footing. *See*

*id.* (declining to invalidate a forum selection clause on grounds of coercion where "[b]oth parties ... [were] sophisticated business entities capable of understanding and adjusting for the risks associated with a forum selection clause"); *Arentowicz v. Cap Gemini Ernst & Young U.S. LLC*, Civ. 03-5881 WGB, 2004 WL 1834600, at *4 (D.N.J. July 16, 2004) (rejecting a "sophisticated businessman['s]" claim that he had to sign an agreement on a "take-it-or-leave-it basis").

Mark IV is a sophisticated business entity incorporated in 1973. (McGrath Aff. Ex. C., ECF No. 8-1.) This sophistication weighs against its argument that it had no choice but to sign the Agreement. Also, as a sophisticated business entity, it was certainly capable of understanding and adjusting for the risks associated with the prospect of litigating a claim in Massachusetts, even without an attorney. Furthermore, the Third Circuit has reasoned that where the forum selected is reasonable, the forum-selection clause is less likely to be considered a product of "overweening" bargaining power. *Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, 858 F.2d 905, 913 (3d Cir. 1988) *abrogated on other grounds by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989). Here, the forum selected by the clause – a Massachusetts state court – is hardly an unreasonable choice given that NICA is incorporated and headquartered in Massachusetts and Mark IV is registered to do business there. (McGrath Aff. Ex. C.) Finally, although Mark IV argues that NICA refused to negotiate over the terms of the forum selection clause, the mere absence of negotiations over a forum selection clause does not render it invalid. *Foster v. Chesapeake Ins., Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)). Thus, Mark IV has not made a strong showing that the clause was the product of fraud or overreaching, and the Court will not invalidate the forum selection clause on these grounds.

### 2. The forum selection clause does not violate New Jersey public policy.

Mark IV next argues that enforcing the forum selection clause is contrary to public policy, because the underlying action involves the enforcement of New Jersey's unemployment compensation laws. Mark IV argues that "issues of New Jersey taxation should be handled by a New Jersey court and only a New Jersey court." (Pl's Opp'n Br. 8, ECF No. 4.) In doing so, Mark IV mischaracterizes this breach of contract action. At issue here is not whether any taxes are due under New Jersey law. Rather, the question is whether, under the Agreement, NICA must indemnify Mark IV for payments that the State of New Jersey is seeking from Mark IV. And that question, under the terms of the Agreement, is governed by Massachusetts law. Even if this case did involve an issue of New Jersey law, Mark IV's argument would still fail. The argument that public policy favors deciding questions under New Jersey law at home is without merit given that New Jersey law generally supports the validity of forum selection clauses. *See Cadapult Graphic*, 98 F. Supp. 2d at 566 (citations omitted). Therefore, the Court will not invalidate the forum selection on public policy grounds.

### 3. Litigation in Massachusetts is not so seriously inconvenient that it is unreasonable.

Finally, Mark IV argues that forcing it to litigate in Massachusetts would be unreasonable. Specifically, Mark IV argues that a Massachusetts forum is unreasonable because it is a New Jersey resident with its principal place of business in New Jersey, the contract was performed in New Jersey, and the most important party witnesses would likely be beyond the subpoena power of a Massachusetts court. The Court disagrees.

A party arguing that a forum selection clause is so seriously inconvenient that it is "'unreasonable' must meet a strict standard of proof." *Danka Funding, L.L.C v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 471 (quoting *In Re Diaz Contracting, Inc.*, 817 F.2d 1047, 1051 (3d Cir. 1987)). The objecting party must show more than "mere inconvenience or additional expense." *Banc Auto, Inc. v. Dealer Servs. Corp.*, 08–3017, 2008 WL 4055830, at *3 (E.D. Pa. Aug. 28, 2008). Enforcement should only be denied where the forum specified in the clause would be so seriously inconvenient that the resisting party would be effectively denied her day in court. *Danka Funding*, 21 F. Supp. 2d at 471 (quoting In *Re Diaz Contracting, Inc.*, 817 F.2d at 1051).

A Massachusetts forum is not unreasonable. First, Massachusetts is not some "remote alien forum." *See Carnival Cruise Lines*, 499 U.S. at 594 (quoting *M/S Bremen*, 407 U.S. at 17) (finding that Florida is not a remote alien forum for respondents who are residents of the State of Washington). As noted earlier, Mark IV has been registered to do business in that state since 2008. And Mark IV chose to transact business with a company incorporated and headquartered in Massachusetts. Second, Mark IV's argument that a Massachusetts forum is improper, because the contract was performed in New Jersey, is unpersuasive. Part of this dispute focuses upon what the parties intended when they entered into the Agreement, which was formed in Massachusetts, not New Jersey. (*See* Decl. of Edward C. Cooley Ex. A, at 1.) This weights in favor of a Massachusetts forum. Third, Mark IV's claim that its key witnesses will be unavailable to testify in Massachusetts lacks support. *See Hoffer v. Infospace.com, Inc.*, 102 F. Supp. 2d 556, 566 (D.N.J. 2000) (finding that a plaintiff failed to demonstrate serious inconvenience where he argued that his key witnesses would not appear in the disputed forum, but failed to provide any affidavits from those witnesses). Mark IV has failed to provide any affidavits from witnesses concerning their testimony or availability. Without these affidavits, the Court cannot determine whether the witnesses would actually be unavailable and, if so, what effect their absence would have on Mark IV's case. *See id.* at 567. Moreover, Mark IV's argument that representatives of the New Jersey Department of Labor will be "critical" witnesses and are beyond the subpoena power of a Massachusetts state court is unconvincing. As a preliminary matter, it is unclear why testimony from those representatives would be relevant. But to the extent that it is, Massachusetts law provides for the taking of depositions in other states for use in Massachusetts courts. *See* Mass. Gen. Laws ch. 223A, § 10.

Mark IV has not shown that litigation in a Massachusetts state court would be "so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." *See Foster*, 933 F.2d at 1219. Accordingly, a Massachusetts forum is not so seriously inconvenient that it is unreasonable, and the Court will not invalidate the forum selection clause on this grounds.

Mark IV thus has not made a strong showing that the forum selection clause is unreasonable. The forum selection clause is therefore valid, and the motion to dismiss under Rule 12(b)(6) is **GRANTED**.

### B. Dismissal would also be proper under the doctrine of forum non conveniens.

Mark IV's insists that the Court should employ the balancing test set forth in 28 U.S.C. § 1404(a) to determine whether dismissal is proper in this case. Because the *Atlantic Marine* decision also speaks to this point, a brief discussion is warranted. There, the Supreme Court held that where venue is proper in the current forum, Section 1404(a) is not a suitable mechanism for enforcing a forum selection clause specifying a state tribunal. *Id.* at *11-12. Instead, the appropriate way to enforce a forum selection clause pointing to a state forum is through the doctrine of forum non conveniens. *Id.*

Under the doctrine of forum non conveniens, a forum selection clause "should be 'given controlling weight in all but the most exceptional cases.'" *Id.* at *9-10 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). Courts should give no weight to the plaintiff's choice of forum and should not consider the parties' private interests because the forum-selection clause "represents the parties' agreement as to the most proper forum." *Id.* at *11 (quoting *Stewart Org., Inc.*, 487 U.S. at 30. The only proper consideration is whether the public interest defeats the counterweight of the forum-selection clause – a rare occurrence. *Id.* Because this case involves no countervailing public interest, dismissal would also be proper under the doctrine of forum non conveniens.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. Usually, where amendment of the Complaint would be futile, the Court will dismiss with prejudice. However, due to the unique circumstances of this case, the Complaint is **DISMISSED WITHOUT PREJUDICE**, so that Mark IV can refile its Complaint in Massachusetts state court. An appropriate order follows.

        /s/ William J. Martini  
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 9, 2014**